Robertson, Ch. J.
This is a motion for leave to open a judgment, taken by default at the general term, affirming one at special term. The proceedings, which were on appeal, appear to have, been regularly taken, but the appeal was dismissed for not serving proper cases in due time. The ground of moving to vacate such judgment and to be let in to be heard on the appeal, is, that the whole proceedings and action were utterly neglected by the attorney and counsel for the plaintiff, who was rendered incompetent by his habits from taking charge of them. I think the language of Justice Mullin in Sharp v. The Mayor of New York, (31 Barb. 585,) is applicable to such a case. It would certainly work great hardship if the representative of a party, by courtesy and fiction of law an officer of the court, could inflict on a client unbounded injury, and there was no redress but by the doubtful remedy of an action for negligence.
I do not regard the decision on a former motion against letting the plaintiff in to be heard, as res judicata, as the court had not then before it the incapacity of the plaintiff’s attorney and counsel to take charge of the action. Surely the court would have interfered if he had become imbecile or insane, and it should not the less interfere when his habits rendered him partially so. There is no doubt all the steps taken in the cause, as well as the indulgences granted by the defendants’ counsel would have raised a barrier to relief, if the plaintiff had been properly represented. As it was, he was entirely helpless.
As to the suggestion of the absence of exceptions to the referee’s report upon the amount of damages from the injunction, that cannot interfere with the right of the *76 plaintiff to be properly represented and heard. Indeed, I do not understand how judgment in the action was entered upon such report. The court at general term can dispose of that, as well as any other question, on appeal, on hearing the argument. .
This court at special term is the proper tribunal to which to apply for relief. The motion must be granted, upon the terms -of the plaintiff' paying the costs of obtaining the judgment at general term, also those of the previous motion to be let in, and of the appeal from the order denying such motion, and $10 costs of the present motion; otherwise it must be denied, with $7 costs.